UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALFRED TRENKLER,<br>    Defendant. | No. 92-cr-10369-RWZ-2 |

**GOVERNMENT'S REVISED POSITION ON WHETHER
TRENKLER'S MEDICAL CONDITION CONSTITUTES
AN "EXTRAORDINARY AND COMPELLING REASON"
UPON WHICH COMPASSIONATE RELEASE COULD BE GRANTED**

The government previously took the position that the defendant's medical condition, coupled with the COVID-19 pandemic, constituted an extraordinary and compelling reason on the basis of which the Court could, but was not required to, grant the defendant's motion for compassionate release. *See, e.g.*, Dkt. 758 at 7. At the last chambers conference undersigned counsel stated that such is no longer the government's position and that he believed the government had said so in writing. In the process of preparing the government's response to the Court's March 26, 2021 Order, counsel recognized that he erred in so saying.[1] Counsel apologizes for his error and the government briefly provides herein the reasoning for its changed position: the defendant was offered, and declined, the vaccine on March 18, 2021, and remains eligible to receive it when the next round of doses becomes available at his facility. Because of the availability of the vaccine to the defendant, combined with the status of vaccinations and infection control measures in place

---

[1] Counsel also incorrectly stated that the defendant was not admitted during any of his recent trips to the hospital when, in fact, he was admitted overnight during his visit in late December 2020. As explained in Dr. Goldberg's recently-filed amended declaration, the defendant was admitted so that his medical device representative could be consulted and his pacemaker adjusted, a procedure normally performed in an office visit and not one that required admission to a hospital. *See* Docket 788, at 4 n.3.

at USP Tucson, *see, e.g.*, Dkt. 785, the defendant's medical condition no longer presents "a serious physical or medical condition … that substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." *See* USSG § 1B1.13, comment (n.1).

The vast majority of district courts to have considered the issue have determined that availability of the COVID-19 vaccine to a federal prisoner suffering from a medical condition that might previously have qualified as an "extraordinary and compelling reason" for granting compassionate release in the face of the coronavirus pandemic no longer does so. *See, e.g.*, *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (denying motion for compassionate release where defendant offered but refused vaccine); *United States v. Wieman*, No. 4:19-CR-40003-06-KES, 2021 WL 425113, at **2-3 (D.S.D. Feb. 8, 2021) (same); *United States v. Goston,* No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich, Mar. 9, 2021) (denying motion for compassionate release where defendant offered but refused vaccine, but would accept it if offered again); *United States v. McBride*, Crim. No. 5:19-CR-00007-KDB-DCK-1, 2021 WL 354129, at *4 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures [in form of offered vaccine] undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); *United States v. Ervin*, No. 3:14-cr-000195-1, 2021 WL 848690, at *4 (M.D. Tenn. Mar. 3, 2021) (observing without deciding that "Defendant's refusal of the COVID-19 vaccine seriously deflates any argument that he had regarding whether the risks posed to him by the COVID-19 virus (in consideration of his specific medical conditions) amounts to extraordinary and compelling reasons to justify his release[.]"); *cf. United States v. Newton,* No. 1:17-cr-00073-JAW-1, 2021 WL 966862, at **7-8 (D. Me. Mar. 15, 2021) (motion

denied on other grounds but court agreed that defendant's position regarding fear of contracting COVID-19 and unwillingness to undergo vaccination were contradictory).[2]

Accordingly, now that (a) the defendant has been offered the vaccine but refused it, (b) the vaccine will again be made available to him when the next round of doses arrive at USP Tuscon, and (c) the other conditions at said facility, the government's position is that the defendant's medical condition no longer qualifies as an extraordinary and compelling reason upon which compassionate release could be granted.

---

[2] *See also United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at \*\*3-4 (E.D. Pa. Mar. 15, 2021) (denying motion for compassionate release where defendant had received vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at \*\*\*1-3 (M.D. Pa. Mar. 11, 2021) (same); *United States v. Beltran*, Criminal No. 6:16-4(SSSS)-4, 2021 WL 398491, at \*\*3-4 (S.D. Texas Feb. 4, 2021) (denying motion for compassionate release where defendant had received first dose of vaccine); *United States v. Bellenger*, No. CR16-5535-BHS, 2021 WL 308814, at \*\*4-5 (W.D. Wash. Jan. 29, 2021) (denying motion for compassionate release where defendant had contracted and recovered from COVID and had received first dose of vaccine); *United States v. Hodgin*, No. 4:15-CR-40110-02-KES, 2021 WL 928179 (D.S.D. Mar. 11, 2021) (denying motion for compassionate release where defendant's medical conditions were stable and BOP had instituted COVID-19 vaccination plan); *but cf. e.g.*, *United States v. Hargrove,* No. 3:18-cr-0022-2(VLB), 2021 WL 170836 (D. Conn. Jan. 19, 2021) (allowing motion for compassionate release for defendant with comorbidities who had served 43 months of 48-month sentence at time when BOP had not indicated when prisoner vaccinations would begin). Undersigned counsel is aware of at least one session in the District of Massachusetts that has granted compassionate release to a defendant who had contracted and recovered from COVID-19 and received both doses of vaccine. *See United States v. Bradshaw*, Criminal No. 96-10032-DPW-2. Although the defendant in that matter had been sentenced in 2000 to four life sentences based on the Three Strikes Law to be followed by consecutive terms of 5 years and 20 years for convictions under 18 U.S.C. § 924(c), his first motion for compassionate release was denied on July 13, 2020; his motion to vacate the four life sentences was (with the assent of the government), allowed pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019); and he was resentenced to a total term of 327 months. *See* Criminal No. 96-10032-DPW-2, Dkt. 781 (July 13, 2020). At the time the motion for compassionate release was allowed on March 4, 2021, the defendant in *Bradshaw*, unlike the defendant here, was not serving a life sentence and had served over 90 per cent of his sentence. *Id.*, Dkt. 802 (March 4, 2021).

3

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By: */s/ Robert E. Richardson*
     ROBERT E. RICHARDSON
     KRISTEN A. KEARNEY
     Assistant United States Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be served on counsel of record as listed in the NEF.

Dated: April 5, 2021        */s/ Robert E. Richardson*