UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALFRED TRENKLER,<br>   Defendant. | No. 92-cr-10369-WES-2 |

### NOTICE RE: GOVERNMENT POSITION ON "BINARY CHOICE" ISSUE

The defendant correctly noted in the supplemental notice he filed on April 13, 2021, that the government took the position during the April 8, 2021 hearing that the choice confronting the Court is a binary one: either release the defendant based on his medical condition or deny his current motion for compassionate release. *See* Dkt. 798 at 1. This is the position the government took in its initial opposition and continues to be its position. *See, e.g.,* Dkt. 758 at 20 ("The Court has only two options: to release the defendant immediately, or to adhere to the life sentence the Court recognized in March 1994 to be appropriate[.]"). This position is based not only on the government's belief that the Court is constrained by USSG § 1B1.13 in determining whether a defendant has presented an "extraordinary and compelling reason" for granting compassionate release but also on the logic inherent in allowing a motion for compassionate based on a defendant's medical condition.

Application Note 1(A) to USSG § 1B1.13 provides that a defendant can establish that extraordinary and compelling reasons exist based on his or her medical condition in two situations: when the defendant is suffering from a terminal illness, or when the defendant is "suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional

treatment provides no substantial improvement." In its initial opposition, the government took the position that the defendant's medical condition put him at risk of severe illness were he to contract COVID-19 and thus qualified as an "extraordinary and compelling reason" on the basis of which the Court could, but was not required to, grant his motion for compassionate release. Dkt. 758 at 7. As the Court is aware, however, this position changed when the defendant was offered, but refused, the Moderna vaccine on March 18, 2021: "[b]ecause of the availability of the vaccine to the defendant, combined with the status of vaccinations and infection control measures in place at USP Tuscon, … the defendant's medical condition no longer presents 'a serious physical or medical condition … that substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover.'" Dkt. 792 at 1-2, quoting USSG § 1B1.13, comment. (n.1). The government's revised position in this regard is fortified by the news that the defendant received the first dose of the Moderna vaccine on April 20, 2021. *See* Dkt. 800.

The defendant is correct that some courts have, in allowing motions for compassionate release, reduced sentences without ordering immediate release. Dkt. 798 at 1-2, citing cases.[1] Respectfully, regardless of whether one accepts the premise that § 1B1.13 is binding on courts in the wake of the First Step Act, allowing a motion for compassionate release because a defendant

---

[1] The defendant believes the government endorsed the view that compassionate release can result in a sentence modification somewhere between release and outright denial of the motion in *United States v. Meuse,* No. 94-10337, Dkt. 929 at 6 (D. Mass. Jan. 29, 2021). *See* Dkt. 798 at 2. However, in *Meuse* the government, while agreeing that the defendant's obesity qualified as an extraordinary and compelling reason on which relief could be granted, opposed the motion, stating in part, "On balance, consideration of the pertinent the 3553(a) factors does not support the total abrogation of Defendant's remaining sentence, and should result in the denial of his motion." *Muese,* Dkt. 929 at 6. In recognizing the possibility that the court would disagree that the choice was binary and seeking to limit the extent of the reduction in the event that proved to be the case, the government was not abandoning its position that, where the § 3553(a) factors do not support release, the motion should be denied.

has a medical condition that puts him at a risk of severe illness or death were he to contract COVID-19, and then leaving him to serve years more in prison to a time well beyond any risk from COVID, Simply defies logic and common sense, as it does absolutely nothing to protect the inmate's health during the pandemic.  Accordingly, at least when a motion for compassionate release is based on an inmate's medical condition, the government continues to believe the choice is binary.

                                            Respectfully submitted,

                                            NATHANIEL MENDELL
                                            Acting United States Attorney

                                   By: */s/ Robert E. Richardson*
                                            ROBERT E. RICHARDSON
                                            KRISTEN A. KEARNEY
                                            Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be served on counsel of record as listed in the NEF.

Dated:  April 22, 2021                    */s/ Robert E. Richardson*