```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

|                          |   |                       |
|--------------------------|---|-----------------------|
| UNITED STATES OF AMERICA | ) |                       |
|                          | ) |                       |
| v.                       | ) | Cr. No. 92-10369 WES  |
|                          | ) |                       |
| ALFRED W. TRENKLER,      | ) |                       |
|                          | ) |                       |
| Defendant.               | ) |                       |

**OPINION AND ORDER**

This matter is on remand from the First Circuit. Between issuance of this Court's Opinion and Order, United States v. Trenkler, 537 F. Supp. 3d 91 (D. Mass. 2021), and the First Circuit's review of it, United States v. Trenkler, 47 F.4th 42 (1st Cir. 2022), the Circuit elaborated on compassionate release motions, United States v. Ruvalcaba, 26 F.4th 14 (2022). Remanding for consideration of that intervening authority, the First Circuit directed this Court to revisit Trenkler's Motion for Compassionate Release, this time with Ruvalcaba in mind. See Trenkler, 47 F.4th at 50. Specifically, the First Circuit asked this Court to clarify whether its holding was based singularly on the original sentencing error or on a "combination of factors" after an individualized review of Trenkler's circumstances. Id. at 48.

The Court appreciates that its previous Opinion could be interpreted in more than one way.[1]  To directly answer the Circuit's specific inquiry, while the Opinion addressed Trenkler's offered reasons one by one, it was "with the holistic context of those reasons in mind" that it found Trenkler's case satisfied the standard.  Id. at 50.

More specifically, the first and most heavily weighted reason is Trenkler's unlawful original life sentence, the illegality of which the Court has explained in detail, and, relatedly, that this motion is his only remaining avenue for relief, absent a presidential pardon.  See Trenkler, 537 F. Supp. 3d at 105-08.  The second reason is the significantly changed landscape in sentencing law since imposition of the original unlawful sentence; namely, the sentence was pre-Apprendi[2] and pre-Booker[3].[4]  Id. at 108-11.  Third, the Court gave some weight to Trenkler's arguments about the perceived fundamental unfairness of his trial (e.g., the

---

[1] The Court stands by the analysis and detailed explanations in its prior Opinion, reading nothing in the First Circuit's opinion to suggest otherwise.  The Court sees no reason to regurgitate the background, arguments, and analysis in that Opinion, and so incorporates it all by reference here, except as modified by this clarification and update.

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] To the extent that the Court did not make explicit that this was a ground for granting relief in its previous Opinion, it makes that explicit now.

homophobic undertones) and the disparity between his sentence and his co-defendant's sentence. Although the government now asks the Court to revisit this third category of reasons, the Court declines, reminding the government that the Court gave these arguments only minimal weight. (To be abundantly clear, these factors add somewhat to the reasons for the Court's conclusion, but if removed from consideration they would not change it.)

Moving to the present, Trenkler submits that much has changed for the worse since May 2021. Trenkler, 47 F.4th at 50 (permitting the Court to consider intervening factual developments on remand). Most of his supplemental papers focus on his current circumstances: that his health has worsened, the Bureau of Prisons is not meeting his medical needs, and he remains at particular risk of serious disease if he contracts COVID-19. Def.'s Post-Remand Suppl. Mem. Supp. Mot. Compassionate Release 2, ECF No. 819.

Starting with his health, Trenkler says it has deteriorated since May 2021, as demonstrated by his supplemental medical records. But, though serious, those records also show that Trenkler's medical condition – particularly his severe cardiac condition – is under control. See Gov't's Response Def.'s Post-Remand Mem. Supp. Mot. Compassionate Release 1-2, 5, ECF No. 825 (describing Declaration of Dr. David Goldberg, who convincingly attests that Trenkler's health is being managed); see also United States v. Saccoccia, 10 F.4th 1, 5 (1st Cir. 2021) (explaining

3

that "[h]ealth concerns are not uncommon," and that "not every complex of health concerns is sufficient to warrant compassionate release . . . even in the midst of the COVID-19 pandemic").

Regarding COVID-19's impact on Trenkler's incarceration, the virus's prevalence has ebbed and risen, but Trenkler's risk of severe disease or infection has remained largely the same. See Trenkler, 537 F. Supp. 3d at 104 (concluding that "Trenkler's heightened risk for severe COVID-19 does not rise to the level of extraordinary and compelling circumstances"). Trenkler, who is twice vaccinated and once boosted, is housed at FCI Butner, where the COVID-19 numbers are low and stable as of this writing.

That said, while Trenkler's medical condition (itself and as related to his COVID-19 risk) does not on its own rise to the level of an extraordinary and compelling reason, his general poor health is a relevant circumstance that contributes to the Court's reasons for granting the application.

Lastly, Trenkler's documented positive rehabilitation during his thirty-year incarceration also contributes to the Court's holistic evaluation. As Trenkler's submission reflects, he has used his incarcerated time productively, completing many programs and courses. See Ex. C, ECF No. 819. Trenkler's documented rehabilitation reinforces the Court's decision to grant relief.

Left undisturbed by the First Circuit's opinion, the Court's previous analysis of the 18 U.S.C. § 3553 sentencing factors is

4

the same.  To Trenkler's point that his revised sentence should be adjusted to reflect the lowered life expectancy of a person in his condition (based on the approximation offered by the generic chart referenced in the initial Opinion), that argument ignores that the Court not only fashioned the revised sentence based on many considerations, but also sentenced Trenkler to a term meaningfully below what life expectancy alone would suggest.  See Trenkler, 537 F. Supp. 3d at 113 (referring to sentence calculation based on life expectancy, and then deviating down five years).  True, sentencing decisions are made based on a snapshot in time, and the First Circuit's vacatur shifted that time to the present; but sentencing is not a science, and nothing convinces the Court that Trenkler's sentence should be further reduced for that reason alone.

Having conducted an individualized review of Trenkler's circumstances, the Court exercises its discretion to reduce Trenkler's sentence based on the above combination of factors.

For the reasons given today, and in this Court's prior Opinion, Defendant's Motion for Compassionate Release is GRANTED IN PART and DENIED IN PART. The Court reduces Defendant's sentence to a term of forty-one years' imprisonment, followed by a term of supervised release of three years on Count 1s, five years on Count 2s, and five years on Count 3s, all to run concurrently. The conditions of supervised release are those set forth in the Addendum to the previous Opinion.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith[5]
District Judge
Date: February 28, 2023

---

[5] The Honorable William E. Smith, United States District Judge for the District of Rhode Island, sitting by designation.